TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Michael Nichols

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Michael Nichols,<br><br>            Plaintiff,<br><br>   vs.<br><br>Toyota Financial Services,<br><br>            Defendant. | Case No.:  2:15-cv-08535<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Michael Nichols (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Toyota Financial Services (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Alexandra, Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Torrance, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 703-XXX-1574 (hereafter "Number").

8. Defendant placed calls to Plaintiff's Number in an attempt to collect a consumer debt from Plaintiff.

9. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered Defendant's calls, he heard a prerecorded message instructing him to hold for the next available representative.

11. On or around June 16, 2015, Plaintiff spoke with a live agent and demanded that the automated calls cease.

12. Despite Plaintiff's clear and unequivocal instruction, Defendant continued to place calls to Plaintiff's Number using an ATDS and/or Robocalls at an annoying and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

3

COMPLAINT FOR DAMAGES

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

15. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an ATDS and/or Robocalls to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

16. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving ATDS and/or Robocalls from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

17. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded message instructing Plaintiff to hold for the next available representative.

18. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

19. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

4

COMPLAINT FOR DAMAGES

20. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

21. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

22. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

23. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  November 1, 2015 | TRINETTE G. KENT |
| 3 | | |
| 4 | | By:   */s/   Trinette G. Kent*<br>Trinette G. Kent, Esq. |
| 5 | | Lemberg Law, LLC |
| 6 | | Attorney for Plaintiff, Michael Nichols |

6

COMPLAINT FOR DAMAGES